IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SOLAN,<br><br>            Petitioner,<br><br>   v.<br><br>WARDEN FORT DIX, DAVID ORTIZ,<br><br>            Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>   Civil Action<br>No. 16-4166 (JBS)<br><br>       **OPINION** |

APPEARANCES:

David Solan, Petitioner pro se
#15985-018
FCI Fort Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, Chief Judge:**

    This matter comes before the Court on David Solan's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petition, Docket Entry 1.

    1.  Petitioner is a convicted and sentenced federal prisoner presently incarcerated at FCI Fort Dix, New Jersey. In 1994, a jury in the Middle District of Florida found Petitioner guilty of transporting firearms and ammunition with intent to commit a felony, 18 U.S.C. § 924(b), and ten counts of the use

of interstate facilities in a murder-for-hire scheme, 18 U.S.C. § 1958.[1]

    2.   Petitioner appealed to the Eleventh Circuit, arguing the court was biased and that there was the "denial of double jeopardy and due process rights at sentencing; and, sentencing above the statutory maximum." Petition ¶ 7. The Eleventh Circuit affirmed the convictions and sentence, *id.*, and the United States Supreme Court denied certiorari, *id.* ¶ 8.

    3.   In 1998, Petitioner filed a motion under 28 U.S.C. § 2255 in the Middle District of Florida asserting, among other things, that "the sentence was greater than the maximum term of imprisonment allowed by law and the upward departure at sentencing violated the Fifth and Sixth Amendments by being based on acquitted conduct." *Id.* ¶ 10. The District Court denied the motion. *Id.*

    4.   Petitioner filed a § 2241 petition in the Western District of Louisiana in 2003, arguing his "incarceration came from a sentence of such unconstitutionality and illegality, resulting in his now serving that portion of his sentence attributable to an offense of which his actual innocence had been fully substantiated on the record . . . ." *Id.* ¶ 12. The

---

[1] *See Solan v. United States,* 83 F. App'x 619, 619-20 (5th Cir. 2003). "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York*, 577 F.3d 521, 525 (3d Cir. 2009).

District Court dismissed the petition for lack of jurisdiction, and the Fifth Circuit affirmed the dismissal. *Solan v. United States*, 83 F. App'x 619 (5th Cir. 2003).

5. In his present § 2241 action, Petitioner again argues his sentence is unconstitutional as the "sentencing court in this case had no jurisdiction to impose [it] in the first place because that sentence was beyond the cumulative statutory maximums of all counts of conviction." Petition ¶ 13.

6. Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

7. Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

8. Petitioner candidly states he is challenging the validity of his sentence in this petition. Petition ¶ 10.

"[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)). *See also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

9. Petitioner argues that § 2255 is "inadequate and ineffective to address the illegality of a sentence in a mixed-verdict jury trial . . . where partial sentencing for the acquitted portions of the conduct charged was snuck into the overall sentence imposed, counted consecutively to the portions of the sentence for the convicted conduct, such that the resulting sentence exceeded the bounds of the cumulative maximums statutorily specified for those convicted portions of that conduct." Petition ¶ 10(c).

10. "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted).

11. Petitioner has challenged the length and legality of his sentence in his direct appeal, first § 2255 motion, and previous § 2241 petition. "Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief, or because a petitioner is unable to meet AEDPA's stringent gatekeeping requirements for filing a second or successive § 2255 motion." *Upshaw v. Warden Lewisburg USP*, 634 F. App'x 357, 359 (3d Cir. 2016) (citing *Dorsainvil*, 119 F.3d at 251). His arguments regarding the respective reaches of § 2255 and § 2241 are unpersuasive. *See* Memorandum of Law, Docket Entry 1-1 at 2-5. Accordingly, this Court lacks jurisdiction over the petition.

12. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

13. In this case, the Court does not find it in the interests of justice to transfer this habeas petition to the Eleventh Circuit as it does not appear Petitioner can meet the requirements for filing a second or successive § 2255 motion as set forth in § 2255(h). However, this Court's decision to not transfer this case does not prevent Petitioner from seeking

5

leave from the Eleventh Circuit, *see* 28 U.S.C. § 2244(a), should he elect to do so.

    14. An appropriate order follows.

| | |
|---|---|
| **July 18, 2016** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |